IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DON J. WERTZ,

                Plaintiff,          Case No. 3:08 CV 604

-vs-

                              <u>MEMORANDUM OPINION</u>

VILLAGE OF WEST MILGROVE,

                Defendant.

KATZ, J.

This case is before the Court on Defendants Village of West Millgrove ("Village") and Mayor Earl Weaver's ("Mayor") motion for summary judgment. (Doc. 16). Plaintiff Don J. Wertz ("Wertz") has filed an opposition to Defendants' motion. (Doc. 17). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under § 1367.

For the reasons below, the Court grants summary judgment in favor of the Defendants for the federal claims and declines to exercise supplemental jurisdiction over the remaining state law claims.

**I. Background**

    **A. Procedural History**

On March 11, 2008, Wertz commenced this action against the Village, the Mayor in his official and individual capacity, and unknown law enforcement officers in their official and individual capacities. (Doc. 1). In his Complaint, Wertz sets forth the following claims for relief: (1) civil rights violations under § 1983; (2) negligence; (3) constitutional violations of Due Process rights; (4) abuse of process; (5) failure to properly train and supervise officers; (6) malicious prosecution; and (7) civil conspiracy. (Doc. 1). On November 13, 2008, Defendants filed this motion for summary judgment on all claims.

**B. Facts**

This case involves a traffic citation issued to Plaintiff Don J. Wertz by a Village police officer. On or around January 5, 2008, Wertz drove along State Route 199 in the Village and the unknown police officer stopped Wertz for allegedly speeding. Wertz received a traffic citation and claims the police officer ordered him to report to the Village Mayor's Court on or around January 15, 2008. Rather than appear before the Mayor's Court, Wertz signed and sent a waiver and paid all fines and costs.

Wertz alleges that the Mayor's Court operated contrary to Ohio state laws that authorize Mayor's Courts for municipalities with more than one-hundred people. According to Wertz, in the last federal census the Village had a population of seventy-eight people. Further, Wertz alleges that Defendant, Mayor Earl Warren, knew of this requirement and continued to operate the Mayor's Court. As a result, Wertz alleges that the Mayor's Court prosecuted him without proper jurisdiction.

## II. Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant may

meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id*. at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp*., 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F.Supp.2d 1069, 1071 (E.D.Mich.2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted ... to judge the evidence or make findings of fact." *Williams*, 154 F.Supp.2d

at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D.Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**III. Discussion**

In their motion for summary judgment, Defendants argue that: (1) no constitutional rights were violated because Wertz paid the speeding citation and did not appear before the Mayor's Court; (2) Wertz cannot present evidence that the Defendants knew the Mayor's Court operated in violation of Ohio law; (3) Wertz cannot present evidence of malice, willful, or reckless conduct; and (4) Defendants are immune from suit. In response, Wertz argues that the Defendants are not entitled to summary judgment because Wertz suffered a constitutional violation, and there is a genuine issue of material fact regarding whether the Defendants' knew the Mayor's Court violated Ohio law. (Doc. 17). Wertz's evidence opposing summary judgment consists of Wertz's affidavit (Doc 17 Exhibit A); a copy of a newspaper article discussing the legality of the Mayor's Court (Doc 17 Ex. B); and a copy of Ohio Rev. Code § 1905.01 that Wertz claims the Defendants' violated (Doc 17 Ex. C).

The Court addresses only Wertz's federal claims. The Court addresses Wertz's fourth, fifth, sixth, and seventh claims only to the extent they are asserting federal claims (*See* Doc. 1), although Wertz does not clearly indicate whether he brings the claims under federal or state law. As Wertz fails to establish a federal violation, the Court declines to exercise supplemental

4

jurisdiction for the remaining state law negligence claim and the fourth, fifth, sixth, and seventh claims to the extent that they are brought under Ohio state law.

### A. 42 U.S.C. § 1983

42 U.S.C. § 1983 provides, in relevant part: "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…." § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

A plaintiff bringing a claim under § 1983 must establish that the Defendants acted under color of state law and that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or federal laws. *Haag v. Cuyahoga County*, 619 F. Supp. 262, 271 (N.D. Ohio 1985) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) aff'd, 798 F.2d 1414 (6th Cir. 1986)).

No dispute exists that Defendants acted under color of state law. Accordingly, Wertz must present evidence that Defendants violated a constitutional right. Wertz's Complaint alleges deprivations under the Fourteenth and Fourth Amendments. (Doc. 1 at ¶ 2).

#### 1. Due Process

The Fourteenth Amendment states, "no state shall … deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The due process clause contains both a procedural component as well as a substantive component. *See Braley v. Pontiac*,

5

906 F.2d 220, 224 (6th Cir. 1990). Wertz's due process claim challenges both of these components.

In his motion opposing summary judgment, Wertz cites *Chandler v. Village of Chagrin Falls*, 2008 WL 4523585 (6th Cir. Oct. 8, 2008), for the elements necessary to establish a procedural due process claim. (Doc. 17 at 6-7). In *Chandler*, the court explained that a plaintiff must establish "a life, liberty, or property interest protected by the Due Process Clause; that she was deprived of this protected interest within the meaning of the Due Process Clause; and that the state did not afford her adequate procedural rights prior to depriving her of her protected interest." *Id.* at *4 (citing *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999)).

As to the first element, Wertz does not specify his protected interest. As proof of Wertz's deprivation, his response opposing summary judgment states:

> The Village Mayor and unknown law enforcement officers prosecuted the Plaintiff under color of and under authority of state and local law to deprive, interfere with, or take away from the plaintiff rights, privileges or immunities secured by the Constitution and laws of the United States. The Plaintiff was ordered to report to the West Millgrove Mayor's Court on or about January 15, 2008 by an unknown West Millgrove Police Officer. The Plaintiff sent the waiver to the Mayor's Court in spite of the fact that the West Millgrove officials knew their mayor's court was not authorized under Ohio Revised Code 1901.01. (Doc. 17 at 7).

If Wertz suffered any deprivation of a liberty or property interest, the deprivation occurred at the time the Mayor's Court "prosecuted and found [Wertz] guilty of the alleged violation of the speeding [sic]." (Doc. 1 at ¶ 15). Wertz appears to suggest a deprivation of either a liberty interest from the "illegal prosecution" or a property interest in paying the fines and costs.

Assuming Wertz adequately established a liberty or a property interest protected by due process, Wertz must also establish that the Defendants deprived him of that interest without affording him adequate procedural safeguards. Defendants argue that Wertz suffered no

6

constitutional violation because Wertz "simply waived his appearance and paid the citation." (Doc. 16 at 5). The Court agrees that Wertz waived any procedural due process claim, but more fundamentally, Wertz received adequate due process.

The Constitution determines the adequacy of procedures to satisfy due process. *See Chandler*, 2008 WL 4523585 at * 6 (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). At a minimum, a deprivation of a protected interest "must be 'preceded by notice and opportunity for hearing appropriate to the case.'" *Id*. (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Haag*, 619 F. Supp. at 280 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)).

After receiving the traffic citation, Wertz waived trial by mailing in his fines and costs. (*See* Doc. 16 Ex. A). Under Ohio Rev. Code § 2935.26(B)(4), a citation for a minor misdemeanor "shall contain … [a]n order for the offender to appear at a stated time and place." Further, the citation must include notice that the offender must appear either at the stated time and place or in lieu of appearing.

> (1) Appear in person at the office of the clerk of the court stated in the citation, sign a plea of guilty and a waiver of trial provision that is on the citation, and pay the total amount of the fine and costs;
> (2) Sign the guilty plea and waiver of trial provision of the citation, and mail the citation and a check or money order for the total amount of the fine and costs to the office of the clerk of the court stated in the citation.
> Remittance by mail of the fine and costs to the office of the clerk of the court stated in the citation constitutes a guilty plea and waiver of trial whether or not the guilty plea and waiver of trial provision of the citation are signed by the defendant. R.C. § 2935.26(C)(1)-(2).

Wertz does not allege that the citation failed to comply with § 2935.26. *See Depiero v. City of Macedonia*, 180 F.3d 770, 787 (6th Cir. 1999) (challenge to a parking citation based on

7

inadequate notice). Wertz voluntarily waived this opportunity. The fact that Wertz took advantage of his option to mail in his payment further supports that the traffic citation complied with § 2935.26. Therefore, before any deprivation of an allegedly protected interest, Wertz received both adequate notice and an opportunity to be heard.

The Court finds it immaterial for a procedural due process analysis whether the Defendants knew the Mayor's Court operated contrary to state law. Had Wertz appeared before the Mayor's Court, Wertz could have challenged the Mayor's Court jurisdiction. *See* Ohio Rev. Code § 1905.032(A) (requiring Mayor's Court to transfer any case not within its jurisdiction). Had such a transfer occurred, Wertz's case would have been before a court with proper jurisdiction. A procedural due process challenge in a case of this sort leads to illogical results because an individual could create a procedural due process violation by essentially turning down an opportunity for a hearing. For example, an individual who waives his trial in the Mayor's Court would be able to later sue under § 1983 for due process violations, while an individual who appears and challenges the Mayor's Court jurisdiction would not because due process would be satisfied. In viewing the evidence in a light most favorable to Wertz, the Court concludes that Wertz fails to establish any violation of procedural due process.

Wertz also appears to allege a substantive due process violation. In his motion opposing summary judgment, Wertz states: "'[t]he doctrine that governmental deprivations of life, liberty, or property, are subject to limitations regardless of the adequacy of the procedures employed has come to be known as substantive due process.'" (Doc. 17 at 4) (quoting *Bowers v. City of Flint*, 325 F.3d 758, 763 (6th Cir. 2003)). To the extent that Wertz claims a violation of substantive due process, the Court concludes that Wertz fails to present evidence of such a deprivation.

8

First, Wertz points to no fundamental right interfered with by the Defendants. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright*, 510 U.S. at 272. As such, the Court applies the "shock the conscious" standard. *See Braley*, 906 F.2d at 225-26. Wertz does not present evidence that the Defendants' actions "shock the conscious." Wertz presented no evidence that the unknown police officer issued the traffic citation under an illegal ordinance. *See Rose v. Village of Peninsula*, 839 F. Supp. 517, 525 (N.D. Ohio 1993) (Plaintiff stated a claim for relief based on police enforcement of illegally posted speed limit). The officer did not arrest Wertz and the mere ordering of Wertz to appear before the Mayor's Court does not "shock the conscious." Nor does it "shock the conscious" that the Mayor's Court "convicted" Wertz after Wertz waived his hearing and admitted guilt.

Second, Wertz's Complaint and the gravamen of his claim centers on the Defendants' illegal prosecution of him, which more appropriately fits within his malicious prosecution claim. "[T]he substantive component of the Fourteenth Amendment's Due Process Clause, 'with its scarce and open-ended guideposts,' may not serve as the basis for a § 1983 malicious prosecution claim." *Darrah v. City of Oak Park*, 255 F.3d 301, 308 (6th Cir. 2001) (quoting *Albright*, 510 U.S. 266 at 275).

### 2. Fourth Amendment

"The Fourth Amendment guarantees 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Whren v. United States*, 517 U.S. 806, 809 (1996). Police traffic stops are "seizures" that usually require probable cause to avoid being "unreasonable." *Id.* at 809-10. Wertz does not indicate clearly, however, when or

9

how Defendants violated his Fourth Amendment rights. As a preliminary matter, the Court notes that Wertz does not appear to allege that the unknown officer lacked probable cause to issue the traffic citation, nor does Wertz challenge the speeding citation based on the validity of the underlying ordinance. Accordingly, it does not appear that Wertz's Fourth Amendment claim focuses on the unknown officer stopping Wertz. Even if Wertz sought to challenge the traffic stop as an unreasonable seizure, Wertz waived the right to challenge it by pleading guilty under § 2935.26. *See Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007) (Plaintiffs pleas in state court estopped them from challenging the reasonableness of their arrest under § 1983); *Haupricht v. Sylvania Twp Police Dep't*, 2008 WL 4148597 at * 1 (N.D. Ohio Sept. 4, 2008) ("Plaintiff's plea of guilty to the charge of disorderly conduct was an implicit admission that the officers had probable cause to arrest him for that charge").

### 3. Malicious Prosecution

Wertz's malicious prosecution claim fails to indicate whether he brings the claim under federal or state law. *See Voyticky v. Timberlake*, 412 F.3d 669, 675 (6th Cir. Ohio 2005) (noting that plaintiffs can bring malicious prosecutions under either federal or state law). Nor does his brief in response to summary judgment clarify the claim. Because Wertz's Complaint cites to the Fourth Amendment and does not appear to challenge the traffic stop itself as an unreasonable seizure, the Court will analyze the malicious prosecution claim as a federal claim asserted under the Fourth Amendment. "In order to prove malicious prosecution under federal law, a plaintiff must show, at a minimum, that there is no probable cause to justify … a prosecution." *Id*. Wertz cannot establish a malicious prosecution claim under federal law. Wertz has presented no evidence nor argued a lack of probable cause in the traffic citation.

10

Proof of malice also seems necessary for a malicious prosecution claim. *See Schmidt v. Rossford Police Dep't*, 2008 WL 4070953 at * 2 (N.D. Ohio Aug. 27, 2008) (requiring evidence of malice). Wertz fails to establish any malice on the part of the Defendants in prosecuting him. Wertz makes nothing more than conclusory statement that the Village "instituted the malicious legal proceeding against Plaintiff." (Doc. 1 at ¶ 36). Accordingly, Defendants are entitled to summary judgment for this claim.

### 4. Abuse of Process

The Sixth Circuit has not determined whether a cognizable claim exists under §1983 for an abuse of process claim. *Voyticky*, 412 F.3d 669 at 676. Courts have often analyzed the issue by mirroring Ohio law. *Id*. In his Complaint, Wertz fails to clarify whether he attempts to bring an abuse of process claim under federal or state law. As the existence of a cognizable federal claim remains unclear, this Court declines to infer a federal claim when Wertz's has not clearly identified one. *See Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003); *Domokur v. Milton Tp. Bd. of Trustees*, 2007 WL 268817 at * 4 (N.D. Ohio 2007) ("[W]here a claim may be brought under both 1983 and state law, a plaintiff is responsible for properly alleging a federal claim"). Accordingly, to the extent that Wertz claimed a federal abuse of process, the claim fails as a matter of law.

### 5. Failure to Properly Train and Supervise Officers

Wertz fails to present any evidence that "employees and officials of the Village acted with reckless disregard and deliberate indifference in the training, supervision, investigation and discipline of the …officers." (Doc. 1 ¶ 34). Wertz does not show how the officers were trained, supervised, investigated, or disciplined. Without putting some evidence forward, Wertz cannot

show reckless disregard or deliberate indifference. *See Schmidt*, 2008 WL 4070953 at * 3. Accordingly, this claim for relief fails as a matter of law.

### 6. Civil Conspiracy

With regard to Wertz's other claims for relief, Wertz fails to indicate whether he brings the claims under federal or state law. The Court will address only a federal civil conspiracy claim. A federal civil conspiracy claim requires Wertz to prove "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). Further, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (2003) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

The Court concludes that Wertz has failed to present specific facts or sufficient evidence that create a genuine issue of material fact involving a civil conspiracy. Wertz's Complaint states that:

> [T]he Defendant Village, Village Mayor and other currently unknown John Doe law enforcement officers caused the Plaintiff actual damages. The employees and officials committed the actions without a reasonable or lawful excuse with no purpose but to cause injury to the Plaintiff. (Doc. 1 at ¶ 40).

Wertz has not presented any additional evidence to establish a civil conspiracy claim. The newspaper article does not provide evidence of a civil conspiracy. (Doc 17 Ex. B). At most, the article suggests the same inherent conflicts that exist in other Ohio Mayor's Courts. *See Rose*, 839

F. Supp. at 520-23 (N.D. Ohio 1993) (discussing the Supreme Court's decisions involving Mayor's Courts). Accordingly, this claims fails as a matter of law.

### B. Immunity

#### 1. Municipal Liability

For municipality liability under § 1983, a plaintiff must show that "(1) agents of the municipality, while acting under color of state law, (2) violated the plaintiff's constitutional rights, and (3) that a municipal policy or policy of inaction was the moving force behind the violation." *Memphis, Tenn. Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)). The Mayor's decision to operate the Mayor's Court is a policy decision that supports liability under § 1983. *See Depiero*, 180 F.3d at 787. Since Wertz fails to establish any violation of constitutional right, however, the Village is immune.

#### 2. Qualified Immunity

"'Under the doctrine of qualified immunity, government officials acting in their official capacities are protected from being sued in their individual capacities for damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Depiero*, 180 F.3d at 785 (quoting *Greene v Reeves*, 80 F.3d 1101, 1104 (6th Cir. 1996)). As Wertz has not demonstrated a violation of a statutory or constitutional right, the Mayor is entitled to individual immunity.

### C. State Claims

"The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case

or controversy under Article III of the United States Constitution." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting 28 U.S.C. §1367(a)). When, however, the district judge dismisses all claims in which it had original jurisdiction, the district court may decline to exercise supplemental jurisdiction over the remaining state-law claims. *Id*. at 862; *see also* §1367(c). In deciding whether to exercise supplemental jurisdiction, the court should consider "'judicial economy, convenience, fairness, and comity.'" *Musson Theatrical, Inc. v. Fed. Express Corp*., 89 F.3d 1244, 154 (6th Cir. 1996) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). When, as here, the court dismisses all federal claims before trial, the court should generally deny jurisdiction over the state-law claims. *See Robert N. Clemens Trust v. Morgan Stanley DW, Inc*., 485 F.3d 840, 853 (6th Cir. 2007). Accordingly, the Court dismisses without prejudice Wertz's state-law claim of negligence and the claims for abuse of process, failure to properly train and supervise officers, malicious prosecution, and civil conspiracy to the extent they are state-law claims.

**IV. Conclusion**

For the reasons discussed herein, the Court grants summary judgment in favor of the Defendants on all federal claims with prejudice. (Doc. 16). The Court declines to exercise supplemental jurisdiction over the remaining state-law claims, and thus dismisses all state claims without prejudice.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE